**ORIGINAL**

**FILED**

**MAY 15 2015**

**U.S. COURT OF FEDERAL CLAIMS**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC | § § § | |
| Plaintiffs, | § § | **15 - 501 C** |
| v. | § | CIVIL ACTION NO. _____ |
| | § § | |
| THE UNITED STATES, | § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiffs 3rd Eye Surveillance, LLC ("3rd Eye") and Discovery Patents, LLC ("Discovery Patents") (together "Plaintiffs") files this Complaint against the United States of America and allege as follows:

### PARTIES

1. Plaintiff 3rd Eye is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 2616 Boedeker Drive, Plano, Texas 75074.

2. Plaintiff Discovery Patents is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 2015 Pig Neck Road, Cambridge, Maryland 21613.

3. The Defendant is the United States of America, acting through its various agencies, including by way of example, and not limitation, the Department of Justice, the Department of Homeland Security, USSTRATCOM, the Department of Defense, the United States Customs and Border Protection, the United States Army, the United States Navy, and the Defense Logistics Agency.

**JURISDICTION**

4.    This is an action for patent infringement under 28 U.S.C. § 1498.

**NATURE OF THE ACTION**

5.    This is an action for patent infringement against the United States to recover reasonable and entire compensation for the unlicensed use and manufacture by and for the United States of inventions claimed in U.S. Patent No. 6,778,085 (the "'085 Patent") titled "Security System and Method with Realtime Imagery," duly and lawfully issued on August 17, 2004, attached as Exhibit A; U.S. Patent No. 6,798,344 (the "'344 Patent") titled "Security Alarm System and Method with Realtime Streaming Video," duly and lawfully issued on September 28, 2004, attached as Exhibit B; and U.S. Patent No. 7,323,980 (the "'980 Patent") titled "Security System and Method with Realtime Imagery" duly and lawfully issued January 29, 2008, attached as Exhibit C. The patents are referenced herein together as the "Infringed Patents."

6.    3rd Eye is the exclusive licensee of all rights to the Infringed Patents.

7.    Discovery Patents is the assignee of the Infringed Patents.

8.    Otis Faulkner is a member of Discovery Patents and a co-inventor for each of the Infringed Patents.

9.    The United States, through its branches and agencies, is using the surveillance technology claimed in the Infringed Patents.

10.    On information and belief, the United States has developed and deployed unlicensed and infringing surveillance systems through internal resources and without the use of independent consultants or contractors.

11.    The United States has also deployed unlicensed and infringing surveillance

systems through numerous consultants and contractors including, by way of example, and not limitation, the following:

 a. Tyco Integrated Security, LLC, a Delaware limited liability company with its principal place of business at 4700 Exchange Court, Suite 300, Boca Raton, Florida 33431;

 b. Motorola Solutions, Inc., a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196;

 c. AMAG Technology Inc., a Delaware corporation with its principal place of business at 20701 Manhattan Place, Torrance, California 90501;

 d. Oncam Technologies, a foreign company with its headquarters in Zug, Switzerland, and its principal United States office located at 175 Cabot Street, Suite 400, Lowell, Massachusetts 01854;

 e. Booz Allen Hamilton, Inc., a Delaware corporation with its principal place of business at 8283 Greensboro Drive, McLean, Virginia 22102; and

 f. Vidsys, Inc., a Delaware corporation with its principal place of business at 8219 Leesburg Pike, Suite 250, Vienna, Virginia 22182.

**I. COUNT I – Use or Manufacture of Inventions that infringe the '085 Patent by the United States Government through Internal Development and Deployment and/or through Development and Employment through Contractors and/or Subcontractors.**

 12. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-11 above, as if fully set forth herein.

 13. Plaintiffs are the sole holders of all rights, titles, and interests in and to the '085 Patent, including all rights to enforce this patent and collect past and future damages for infringement.

14. The Government has been, and is now using or manufacturing the art described in and covered by the '085 Patent without license or any other lawful right.

15. The Government has entered into certain contracts with a number of entities who have been and are now manufacturing the art described in and covered by the '085 Patent without license or any other right. These may include, by way of example, and not limitation, the contractors and/or subcontractors identified in paragraph 11.

16. Plaintiffs have been, and continue to be, damaged by the Government's internal development and use of the art taught by the '085 Patent and, pursuant to 28 U.S.C. 1498, is entitled to recover reasonable and entire compensation from the United States for all infringing inventions manufactured and used within the six years preceding the filing of this complaint and for subsequent use.

17. Plaintiffs have been, and continue to be, damaged by the Government through its use of contractors and subcontractors to provide the infringing products and services whose development and use of the art taught by the '085 Patent on behalf of the Government and, pursuant to 28 U.S.C. §1498, is entitled to recover reasonable and entire compensation from the United States for all infringing inventions manufactured and used within the six years preceding the filing of this complaint and for subsequent use.

18. Plaintiffs also seek reasonable litigation costs, attorney and expert witness fees, taxable costs, and delay compensation for interest computed from the time payment should have been made for the license to the '085 Patent.

**II.   COUNT II – Use or Manufacture of Inventions that infringe the '344 Patent by the United States Government through Internal Development and Deployment and/or through Development and Employment through Contractors and/or Subcontractors.**

19. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-18 above, as if fully set forth herein.

20. Plaintiffs are the sole holders of all rights, titles, and interests in and to the '344 Patent, including all rights to enforce this patent and collect past and future damages for infringement.

21. On information and belief, the Government has been, and is now using or manufacturing the inventions described in and covered by the '344 Patent without license or any other lawful right.

22. The Government has entered into certain contracts with a number of entities who have been and are now manufacturing the art described in and covered by the '344 Patent without license or any other right. These may include, by way of example, and not limitation, the contractors and/or subcontractors identified in paragraph 11.

23. Plaintiffs also seek reasonable litigation costs, attorney and expert witness fees, taxable costs, and delay compensation for interest computed from the time payment should have been made for the license to the '344 Patent.

III. **COUNT III – Use or Manufacture of Inventions that infringe the '980 Patent by the United States Government through Internal Development and Deployment and/or through Development and Employment through Contractors and/or Subcontractors.**

24. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-23 above, as if fully set forth herein.

25. Plaintiffs are the sole holders of all rights, titles, and interests in and to the '980 Patent, including all rights to enforce this patent and collect past and future damages for infringement.

26. On information and belief, the Government has been, and is now using or

manufacturing the inventions described in and covered by the '980 Patent without license or any other lawful right.

27. The Government has entered into certain contracts with a number of entities who have been and are now manufacturing the art described in and covered by the '980 Patent without license or any other right. These may include, by way of example, and not limitation, the contractors and/or subcontractors identified in paragraph 11.

28. Plaintiffs also seek reasonable litigation costs, attorney and expert witness fees, taxable costs, and delay compensation for interest computed from the time payment should have been made for the license to the '980 Patent.

## IV. DAMAGES

29. Based on publicly available materials on the scope of the Government's analysis, and after conferring with a consulting expert on damages, Plaintiffs reasonably believe that damages approach or exceed $1 Billion.

## V. PRAYER FOR RELIEF

Plaintiffs demand the following relief:

a. Entry of judgment that the inventions set forth in the Infringed Patents have been used and manufactured by and for the United States without license or lawful right within the meaning of 28 U.S.C. §1498;

b. Reasonable and entire compensation for the unauthorized use and manufacture by and for the United States in an amount to be determined at trial;

c. Plaintiffs' reasonable fees for expert witnesses and attorneys, plus its costs in accordance with 28 U.S.C. §1498 and/or the Equal Access to Justice Act, 28 U.S.C. §2412;

d.      Pre-judgment and post-judgment interest on the damages assessed; and

e.      Such other and further relief, both at law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Stephen A. Kennedy*
Stephen A. Kennedy
KENNEDY LAW, P.C.

Fountain Place
1445 Ross Avenue, Suite 4950
Dallas, TX 75202
Telephone: 214.716.4343
Fax: 214.593.2821

Counsel for Plaintiffs
3rd Eye Surveillance, LLC and
Discovery Patents, LLC

4823-1965-9299, v. 2